E-FILED
Tuesday, 12 August, 2025  10:32:00 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | | |
|---|---|---|---|
| **MICHEAL ATTAWAY,** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| **v.** | ) | | |
| | ) | | |
| **CARMEL DOOLING, et al.,** | ) | **Case Nos.** | **25-CV-2043** |
| **EQUIFAX INC, et al.,** | ) | | **25-CV-2060** |
| **DILL,** | ) | | **25-CV-2065** |
| **JONES, et al.,** | ) | | **25-CV-2066** |
| **ILLINOIS DEPARTMENT OF** | ) | | **25-CV-2069** |
| **HUMAN SERVICES,** | ) | | |
| **PIERMONT BANK,** | ) | | **25-CV-2070** |
| **CAPITAL BANK, N.A.,** | ) | | **25-CV-2071** |
| **COMMISSIONER OF SOCIAL** | ) | | **25-CV-2072** |
| **SECURITY,** | ) | | |
| **WOODHOUSE FORD SOUTH, et al.,** | ) | | **25-CV-2079** |
| **THOMPSON, et al.,** | ) | | **25-CV-2104** |
| **OCTAPHARMA PLASMA INC.,** | ) | | **25-CV-2105** |
| **NAVY FEDERAL CREDIT UNION,** | ) | | **25-CV-2117** |
| | ) | | |
| **Defendants.** | ) | | |

## <u>ORDER</u>

Plaintiff Micheal Attaway has filed numerous lawsuits in the Central District of
Illinois; the twelve above-captioned cases are currently pending before this court. In
each case, Plaintiff sought leave to proceed in forma pauperis ("IFP"). On April 24, 2025,
the court entered an Order in all twelve cases denying Plaintiff's IFP requests. The
Order detailed multiple inconsistencies across his applications regarding his financial
status, further compounded by inconsistencies in the representations made in various

pleadings. The court concluded that those inconsistencies and many unanswered questions required it to deny Plaintiff's requests. The court permitted a reduced filing fee of $200 in each case, payable by $100 installments on May 16, 2025, and June 16, 2025.[1]

In response, Plaintiff filed a "Consolidated Objection, Demand for Recusal of Judge Colin S. Bruce, and Notice of Evidence Submitted in Separate Litigation in the District of Columbia" in each case on May 9, 2025. Plaintiff has not paid any amount towards the reduced filing fee in any case to date.

First, Plaintiff's objection to the court's prior Order directing a reduced filing fee is of no import. Plaintiff complains that the reduced filing fee "necessarily compels" him to either commit "24 Class 3 felonies" to "fraudulently obtain" the filing fee(s), liquidate "exempt subsistence benefits," or forfeit his constitutional access to the courts. He argues the reduced filing fee is a punitive sanction and a "constructive death sentence" for him.

The court is not persuaded by any of these arguments. It is certainly not convinced Plaintiff will have no other choice but to resort to committing 24 actions of felony fraud to obtain the money for the filing fees, especially when, by his own account, he receives $969 per month in disability and retirement income. He again claims these funds are "protected" and "exempt"—but again provides no authority for

---

[1] Plaintiff asserts that the Order, "if obeyed," would require Plaintiff to pay "$2,400 per month, or $4,800 within 30 days." It does not. The reduced filing fee for Plaintiff's twelve cases would total $2,400.

that proposition whatsoever, and the court is still unaware of any provisions suggesting that it simply cannot count Plaintiff's social security benefits.[2]

Next, Plaintiff "demands the immediate recusal" of the undersigned under 28 U.S.C. § 455(a) and (b)(1) on the grounds that: (1) Plaintiff has filed a complaint against the undersigned in the U.S. District Court for the District of Columbia; (2) the court "illegally struck Plaintiff's whistleblower allegations regarding a 26-year fraud conspiracy" in this district;[3] (3) the court financially targeted Plaintiff to deter litigation, in violation of his First Amendment rights and "the principle in *Meyer v. Grant*, 486 U.S. 414 (1988)";[4] and (4) the court's prior Order shows "actual prejudice and reckless disregard of Plaintiff's life circumstances."

---

[2] Plaintiff's argument regarding constitutionality is addressed below.

[3] Plaintiff does not explain this assertion or identify a relevant case or document, and the court has not identified any action it took that could be characterized as striking "whistleblower allegations regarding a 26-year fraud conspiracy[.]"

[4] Plaintiff contends that *Meyer* stands for the principle that "the government may not burden speech with financial penalties." Not so. In *Meyer*, the Court discussed that in Colorado, proponents of a new law or amendment to the state constitution could have their proposal placed on the ballot at a general election if they obtained enough signatures of qualified voters on a petition within a certain time period. Proponents of an amendment to the Colorado Constitution sued for a declaration that a Colorado statute criminalizing the use of paid petition circulators violated the proponents' First Amendment rights. The Court found that the statute unjustifiably burdened political expression in violation of the First and Fourteenth Amendments.

The relevant portions of 28 U.S.C. § 455 provide that:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party[.]

Beginning with the latter provision, under § 455(b)(1), "a party must show by compelling evidence that a reasonable observer would conclude that the judge was biased." *United States v. Walsh*, 47 F.4th 491, 499 (7th Cir. 2022) (cleaned up). "The bias or prejudice 'must be grounded in some personal animus or malice that the judge harbors … of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes.'" *Grove Fresh Distributors, Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002) (citing *United States v. Balistrieri*, 779 F.2d 1191, 1201 (7th Cir. 1985)).

Plaintiff has provided no such evidence, let alone compelling evidence. First, while the court takes judicial notice of the public court docket showing that Plaintiff filed a complaint against the undersigned, the complaint was dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) shortly after filing. Regardless, no rule requires a judge's recusal simply because they are, or were, involved in litigation with one of the parties. *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) ("[A] per se rule of disqualification would allow litigants to judge shop by filing a suit against the presiding judge[.]"). Further, "recusal is not automatic because suits against public officials are common and a judge would likely not harbor bias against someone simply because the person named him in a meritless civil suit." *Id.* Such is the case here. The undersigned harbors no personal

bias or prejudice against Plaintiff for filing that lawsuit—or for any reason at all—and no reasonable observer could conclude otherwise. See *Walsh*, 47 F.4th at 499.

Plaintiff complains that the court's prior Order targets him financially and shows actual prejudice and a reckless disregard of Plaintiff's life circumstances. Plaintiff is clearly dissatisfied and disagrees with the court's prior Order and its decisions in general. But "the Supreme Court has held that opinions formed by the judge on the basis of facts introduced or events occurring in the course of proceedings do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)) (cleaned up). Consequently, judicial rulings alone are almost never a valid basis for a bias or partiality motion, as they typically rely on in-court proceedings and rarely evidence the degree of favoritism or antagonism required when no extrajudicial source is involved. *Id.* Simply put, "[b]ias cannot be inferred merely from adverse rulings[.]" *Adkins v. Comm'r*, 875 F.2d 137, 142 (7th Cir. 1989).

Here, the court based its rulings in the prior Order on the inconsistent representations made by Plaintiff himself in his various filings. The court routinely denies IFP requests in other cases when those requests lack adequate documentation or provide inconsistent information. Plaintiff's IFP requests were denied because there were too many unanswered questions about his income and expenses. Plaintiff was neither financially targeted nor personally disregarded by the court when it permitted Plaintiff to submit a reduced filing fee after failing to provide the necessary information

for the court to determine his IFP status. Nothing about the court's Order or decision to deny Plaintiff's request approaches the degree of favoritism or antagonism required for the ruling to form a basis for recusal. See *Walsh*, 47 F.4th at 499.

Finally, the prior Order did not have the purpose or effect of violating Plaintiff's First Amendment rights or any other constitutional or statutory rights. Plaintiff contends that requiring him to pay a reduced filing fee violates his First Amendment rights, and further implicates 28 U.S.C. § 1915 and the Supremacy Clause.

Plaintiff is wrong. "[T]here is no constitutional entitlement to subsidy." *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002). As the *Lewis* court explained:

> Federal courts are subsidized dispute-resolvers; filing fees defray only a small portion of the costs. A requirement that plaintiffs cover *some* of these costs cannot be called unconstitutional. The Supreme Court has never held that access to the courts must be free; it has concluded, rather, that reasonably adequate opportunities for access suffice.

*Id.* (citing *Lewis v. Casey*, 518 U.S. 343 (1996)) (emphasis in original). Requiring Plaintiff to pay a reduced filing fee does not violate his constitutional rights. See *id.*

Turning to § 455(a), recusal may be required to avoid the appearance of partiality if "an objective, dis-interested observer fully informed of the reasons for seeking recusal would entertain a significant doubt that justice would be done in the case." *Walsh*, 47 F.4th at 499-500 (quoting *United States v. Barr*, 960 F.3d 906, 919-20 (7th Cir. 2020)). "Section 455(a) only applies if a judge's impartiality would be questioned by a 'well-informed, thoughtful observer rather than . . . a hypersensitive or unduly suspicious observer.'" *Fairley v. Andrews*, 423 F. Supp. 2d 800, 803 (N.D. Ill. 2006) (quoting *Hook v.*

*McDade*, 89 F.3d 350, 354 (7th Cir. 1996)). All of Plaintiff's arguments fail under this subsection for the same reasons above.

The court harbors no bias or prejudice against Plaintiff. Nor would a reasonable observer so conclude. "[P]arties who disagree with a judge's assessment of their positions have many remedies and protections, but recusal is not one of them except in extreme cases, and this is not one." *In re City of Milwaukee*, 788 F.3d 717, 723 (7th Cir. 2015). Plaintiff has not demonstrated that recusal is necessary or appropriate in this case under either § 455(a) or (b)(1).

As in the prior Order, the court finds that a reduced filing fee of $200 per case is appropriate and allows Plaintiff an additional opportunity to make payment. Plaintiff is ordered to pay $100 by **August 25, 2025**, and $100 more by **September 22, 2025**, for a total filing fee of $200, in each and any pending case he wishes to continue litigating. Any cases in which Plaintiff does not pay the filing fee as described will be dismissed without prejudice.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's motions for recusal in the above-captioned cases are DENIED.

(2) Plaintiff is hereby ordered to pay a reduced filing fee of $200 in each pending case he wishes to continue litigating.

(3) Plaintiff may pay that reduced filing fee in installments, with $100 due by

**August 25, 2025**, and $100 more due by **September 22, 2025**. Any cases in which

Plaintiff does not pay the filing fee will be dismissed without prejudice.

ENTERED this 11th day of August 2025.

s/Colin Stirling Bruce
COLIN S. BRUCE
U.S. DISTRICT JUDGE